MIKE WORMINGTON, APPELLANT, v. P. F. RICHART, RESPONDENT.—41 S. W. (2d) 410.

In the Springfield Court of Appeals. August 14, 1931.

*McReynolds, McReynolds & Flanigan* for appellant.

*Julius N. Meyerhardt, S. I. Barton, Stratton Shartel,* Attorney-General and *Mercer Arnold* for respondents.

44

COX, P. J.—Replevin for possession of five dressed quail. The case originated in justice court and reached the circuit court on appeal. In the circuit court the case was submitted on an agreed statement of facts. The court found for defendant and plaintiff appealed.

The agreed statement of facts shows that plaintiff is clerk of the Drake Hotel at Carthage, Missouri, and that said hotel is his residence. That the Drake Hotel operates a restaurant in connection with the hotel and in this restaurant or connected with it is an ice box used in connection with the restaurant. That plaintiff is over twenty-one years of age; had a hunter's license and killed five quail legally; had them dressed and placed them in the ice box of the restaurant to be kept for a few days when he expected to give a quail supper for his daughter and serve these quail at that time. That he had also purchased and prepared other items for the meal. That on the day before he was to serve the quail, the defendant and E. L. Schofield, who are deputy State Game Wardens, went into the kitchen at the hotel and disclosed their badges to the cook and asked to be admitted to the ice box. Admittance was granted whereupon they discovered these quail. They took possession of the quail and confiscated them in the name of the State and placed on them the confiscation tag for that purpose. That plaintiff had at other times placed in said ice box for his personal use fruits, fish and game. After these quail were confiscated criminal charges were filed against the Drake Hotel charging said hotel with illegally storing game in a commercial establishment and that case was still pending in the circuit court of Jasper county when this case was tried and the appeal taken. That the quail in question were being held to be used as evidence in the case of State of Missouri v. Drake Hotel.

The agreed statement of facts shows that the quail in question were stored in a commercial establishment. Section 8255 of chapter 43, article II of statute 1929, provides "any person, firm or corporation who shall at any time of the year barter, sell or offer for sale or who shall store or serve in any commission house, cold storage house or commercial establishment in this State either in the name used in this article or under any other name or guise whatever any animals or birds protected by this article, whether taken within or without this State or lawfully or unlawfully taken shall be punished, etc."

It is clear in this case that the Drake Hotel with its restaurant was a commercial establishment and there can be no doubt that had these quail been stored in the ice box of the restaurant of that hotel by an outsider who had no connection with the hotel and the deputy wardens had found and seized them, they would have been within their rights and the party who placed them in the ice box could not maintain replevin for their possession. The only ground upon which plaintiff could possibly recover these quail would be that since his residence was in the hotel and he usually placed other game, fish, and fruits in this ice box for his own personal use, that he stands upon the same footing as he would if he lived in a private

home and had placed these birds in the ice box used in connection with that home. From a moral point of view and from plaintiff's standpoint this position seems plausible. Had he not resided in the hotel and had occupied rooms in a private residence and had stored quail in an ice box there for the same purpose that he stored them in the ice box at the hotel restaurant while he resided in the hotel, it would be a little difficult for him to see how one act could be a violation of the law and the other act entirely innocent. The supposed violation, however, is only a misdemeanor and the commission of the act itself constitutes the offense without any reference to the intent or innocency of purpose of the party. The statute in this case makes no exception. It forbids every person from "storing or serving" game that is protected by law in any commercial establishment. The purpose of this regulatory game law is to protect game and when the Legislature acts within the constitutional limitations of the State, it is the sole judge of the wisdom of its acts and may, within those limitations, prohibit as it may deem best.

Our statute, section 8224, Revised Statutes 1929, provides that the title to all game shall, after its capture, remain in the State for the purpose of regulating and controlling the use and disposition of the same after its capture and that prevents our consideration of any question of title or ownership in the quail in question here.

Our Supreme Court has always held to a literal construction of the regulatory provisions of the State game law and have never, by construction, interpolated anything into the statute that could possibly limit a plain provision. When the statute provides that a certain thing cannot be done, the courts hold that it means what it says and applies to everybody alike. [Haggarty v. Ice Manufacturing & Storage Company, 143 Mo. 238, 44 S. W. 1114; State v. Bennett, 315 Mo. 1270, 288 S. W. 50.]

In view of the strict provision of the statute which, without exception, forbids every person to store or serve game of the class involved here in any commercial establishment, we must hold that the plaintiff cannot legally store the quail in the ice box of the restaurant of the Drake Hotel for any purpose whatever and the judgment of the circuit court is for the right party.

The judgment will be affirmed. *Bailey, J.*, not sitting; *Smith, J.*, concurs.